David J. Feldman, Esq.
Nevada Bar No. 5947
Rachel J. Holzer, Esq.
Nevada Bar No. 11604
THE FELDMAN FIRM
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 949-5096
Facsimile:  (702) 949-5097
dfeldman@feldmanattorneys.com
rholzer@feldmanattorneys.com
*Attorneys for Defendant*
*Acuity A Mutual Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ESTEVAN ALVARADO-HERRERA, an individual | ) Case No.: 2:22-cv-00438-RFB-NJK |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT'S ANSWER TO** **COMPLAINT** |
| ACUITY A MUTUAL INSURANCE COMPANY; a Wisconsin corporation; and DOES I through XX, inclusive, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

Defendant Acuity A Mutual Insurance Company, (hereinafter, Defendant) by and through its attorney of record, David J. Feldman, Esq. and Rachel J. Holzer, Esq. of the Feldman Firm, hereby answers Plaintiff's Complaint as follows:

## GENERAL ALLEGATIONS

1.     Answering Paragraph 1 of Plaintiff's Complaint, Defendant is without knowledge as to the averments in this paragraph.

2.     Answering Paragraph 2 of Plaintiff's Complaint, Defendant admits the averments in this paragraph.

3.     Answering Paragraph 3 of Complaint, Defendant is without knowledge as to the averments in this paragraph.

4.      Answering Paragraph 4 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph appear to relate to Plaintiff's anticipated future request to amend his complaint to include the names of any fictitious defendants and does not contain any allegations against the responding Defendant; notwithstanding, to the extent an answer is required, Defendant is without knowledge as to the averments in this paragraph.

5.   Answering Paragraph 5 of Plaintiff's Complaint, defendant denies the averments in this paragraph.

**FACTUAL ALLEGATIONS**

6.   Answering Paragraph 6 of Plaintiff's Complaint, Defendant submits that the referenced insurance policy speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its terms, conditions, or exclusions, Defendant denies the averments in this paragraph.

7.   Answering Paragraph 7 of Plaintiff's Complaint, Defendant submits that the referenced insurance policy speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its terms, conditions, or exclusions, Defendant denies the averments in this paragraph.

8.   Answering Paragraph 8 of Plaintiff's Complaint, Defendant submits that the referenced insurance policy speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its terms, conditions, or exclusions, Defendant denies the averments in this paragraph.

9.    Answering Paragraph 9 of Plaintiff's Compliant, Defendant is without knowledge as to the facts surrounding the accident, except for those contained in the traffic accident report and those relayed by Plaintiff to Defendant during the course of its investigation of Plaintiff's claim and pursuant to its overall investigation.  Defendant denies this paragrapgh regarding legal conclusions asserted. Further, Defendant submits that Plaintiff's assertion regarding injuries and other damages is vague, ambiguous, subjective in nature, and subject to multiple interpretations.  Defendant is therefore without knowledge as to this averment.

10.      Answering Paragraph 10 of Plaintiff's Compliant, Defendant submits that the

averments in this paragraph violate FRCP 8 and therefore do not require a response.  To the extent a response is deemed necessary, Defendant submits that Plaintiff's assertion regarding injuries and general and special damages is vague, ambiguous, speculative, subjective in nature, and subject to multiple interpretations.  Defendant is therefore without knowledge as to the averments in this paragraph.

11.    Answering Paragraph 11 of Plaintiff's Compliant, Defendant is without knowledge as to what at all times material encompasses.  Defendant admits Plaintiff had a policy with Defendant.  The policy speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, and or change its terms, conditions, or exclusions, Defendant denies the averments in this paragraph.

12.    Answering Paragraph 12 of Plaintiff's Compliant, Defendant is without knowledge as to what at all times material encompasses.  The policy speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, and or change its terms, conditions, or exclusions, Defendant denies the averments in this paragraph.

13.    Answering Paragraph 13 of Plaintiff's Compliant, Defendant submits that the referenced document speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

14.    Answering Paragraph 14 of Plaintiff's Compliant, Defendant admits that Bruce Kide participated in the adjustment and properly  engaged in acts of investigating Plaintiff's claim.  Defendant admits Bruce Kides ordered a copy of the Traffic Accident Report.  Defendant submits that the referenced document speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

15.    Answering Paragraph 15 of Plaintiff's Compliant, Defendant submits that the averments in this paragraph violate FRCP 8 and therefore do not require a response.  To the extent a response is deemed necessary, Defendant submits that the referenced document speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or

1   otherwise change its contents, Defendant denies the averments in this paragraph.

2       16.     Answering Paragraph 16 of Plaintiff's Compliant, Defendant submits that the

3   referenced document speaks for itself and is the best evidence as to its contents.  To the extent

4   Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments

5   in this paragraph. Further, Defendant denies the demand contained everything needed to perform

6   a full and complete evaluation of Plaintiff's claim.

7       17.     Answering Paragraph 17 of Plaintiff's Compliant, Defendant denies the averments

8   in this paragraph.

9       18.     Answering Paragraph 18 of Plaintiff's Compliant, Defendant admits it did not make

10  an offer to settle but did offer to mediate in good faith.  Defendant denies the remaining averments

11  in this paragraph and further denies breaching any duty to Plaintiff, whether created by contract,

12  statute, or common law..

13                          *PLAINTIFF'S TORT LAWSUIT*

14      19.     Answering Paragraph 19 of Plaintiff's Compliant, Defendant admits Plaintiff filed

15  the referenced lawsuit and denies the remaining averments in this paragraph or is without

16  knowledge as to same as they are so vaguely stated.

17      20.     Answering Paragraph 20 of Plaintiff's Compliant, Defendant admits it  intervened in

18  the Tortfeasor Lawsuit.  Defendant is without knowledge as to what "taking this affirmative step"

19  encompasses and is therefore without knowledge as to the remaining averments in this paragraph.

20      21.     Answering Paragraph 21 of Plaintiff's Compliant, Defendant  admits the parties

21  stipulated to permit Defendant to intervene.  Defendant submits that the referenced stipulation

22  speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter,

23  modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

24      22.     Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits it filed its

25  answer.  The answer speaks for itself and is the best evidence as to its contents. To the extent

26  Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments

27  in this paragraph.

28      23.     Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits it filed a

Demand for Jury Trial.  This demand speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks alter, modify, or otherwise change its contents, Defendant denies "all matters would expressly include ACUITY's defenses asserted in response to Plaintiff's allegations and its affirmative defenses pleaded within its Answer" as this would include legal issues which are not decided by a jury.

24.      Answering Paragraph 24 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate NRCP 8 and thus do not require a response.  To the extent a response is deemed necessary, Defendant admits Plaintiff filed a request for exemption from arbitration.  This request speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

25.      Answering Paragraph 25 of Plaintiff's Complaint, Defendant admits it was served with a copy of the exemption request.  Defendant admits it did not file an opposition.  Defendant denies Plaintiff's insinuation that it's decision not to file an exemption implies Defendant does not oppose the amount of medical costs asserted.  Defendant denies all remaining averments in this paragraph.

26.      Answering Paragraph 26 of Plaintiff's Complaint, Defendant admits the averments in this paragraph.

27.      Answering Paragraph 27 of Plaintiff's Complaint, Defendant submits that the referenced documents speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

28.      Answering Paragraph 28 of Plaintiff's Complaint, Defendant submits that the referenced documents speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

29.      Answering Paragraph 29 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate FRCP 8 and thus do not require a response.  To the extent a

response is deemed necessary, Defendant submits that the referenced document speaks for itself and is the best evidence as to its contents. To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph and denies any entitlement to benefits as legal entitlement has not been established by Plaintiff.

30. Answering Paragraph 30 of Plaintiff's Complaint, Defendant admits it continued its efforts to conduct a complete and thorough evaluation of Plaintiff's claim and therefore admits the averments in this paragraph.

31. Answering Paragraph 31 of Plaintiff's Complaint, admits the parties filed a written stipulation. The stipulation speaks for itself and is the best evidence as to its contents. To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

32. Answering Paragraph 32 of Plaintiff's Complaint, admits the parties filed a written stipulation. The stipulation speaks for itself and is the best evidence as to its contents. To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendant admits Plaintiff filed an Amended Complaint. Defendant admits Defendant was served with a copy of the Amended Complaint. The Amended Complaint speaks for itself and is the best evidence as to its contents. To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph. Defendant submits that Plaintiff's assertion that counsel for ACUITY "accepted" the Amended Complaint is vague, ambiguous, subjective in nature, and subject to multiple interpretations. As such, Defendant is without knowledge as to this specific averment.

34. Answering Paragraph 34 of Plaintiff's Complaint Defendant admits it filed an Answer to the Amended Complaint. The Answer speaks for itself and is the best evidence as to its contents. To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

35. Answering Paragraph 35 of Plaintiff's Complaint Defendant admits it continued its

efforts to conduct a complete and thorough evaluation of Plaintiff's claim and denies any entitlement to benefits as legal entitlement has not been established by Plaintiff.

36. Answering Paragraph 36 of Plaintiff's Complaint Defendant submits that the averments in this paragraph violate FRCP 8 and therefore do not require a response.  To the extent a response is deemed necessary, Defendant admits Plaintiff filed his First Supplemental FRCP 26 disclosure. This document speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.  Further, Defendant admits its was served with a copy of the disclosure.  Defendant denies all remaining averments in this paragraph.

37. Answering Paragraph 37 of Plaintiff's  Complaint Defendant admits the parties filed another written stipulation.  The stipulation speaks for itself and is the best evidence as to its contents. To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

38. Answering Paragraph 38 of Plaintiff's  Complaint Defendant admits the parties filed another written stipulation.  The stipulation speaks for itself and is the best evidence as to its contents. To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

39. Answering Paragraph 39 of Plaintiff's  Complaint Defendant admits the averments in this paragraph.

40.     Answering Paragraph 40 of Plaintiff's Complaint, Defendant admits the parties entered into another written stipulation.  This stipulation speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph and further denies any entitlement to benefits as legal entitlement has not been established by Plaintiff.

41.     Answering Paragraph 41 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph are argumentative, stating legal conclusions rather than facts.  For this reason, Defendant admits the deposition was held, and admits Defendant's counsel participated in the deposition, but denies the remaining averments in this paragraph and denies the scope of the

deposition involved the causes of action in this case, which were not pled in the other action.

42.    Answering Paragraph 42 of Plaintiff's Complaint, Defendant admits Mr. Kides was present at Plaintiff's deposition.  Defendant submits that it has no obligation to admit or deny attorney client privileged and or work product protected information as asserted "upon information and belief" by Plaintiff and therefore will not respond to the averments regarding same.  Defendant denies the remaining averments in this paragraph pertaining to officers, directors, or departments heads of ACUITY.

43.    Answering Paragraph 43 of Plaintiff's Complaint, Defendant admits the averments in this paragraph.

44.    Answering Paragraph 44 of Plaintiff's Complaint, Defendant admits it filed its Second Supplemental FRCP 26 discovery disclosure.  This disclosure speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

45.    Answering Paragraph 45 of Plaintiff's Complaint, Defendant admits the averments in this paragraph.

46.    Answering Paragraph 46 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph are argumentative, stating legal conclusions rather than facts.  For this reason, Defendant admits it did not serve written discovery on Plaintiff but denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute and further denies causing Plaintiff to incur any damages whatsoever.

47.    Answering Paragraph 47 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph are argumentative, speculative, and state legal conclusions rather than facts.  Further, Defendant submits that it has no obligation to admit or deny attorney client privileged and or work product protected information as asserted by Plaintiff and therefore will not respond to the averments regarding same.   Defendant denies the scope of the discovery involved the causes of action in this case, which were not pled in the other action. Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute and further denies causing Plaintiff to incur any damages whatsoever.

48.  Answering Paragraph 48 of Plaintiff's  Complaint Defendant admits the parties filed another written stipulation.  The stipulation speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

49.  Answering Paragraph 49 of Plaintiff's Complaint, Defendant admits counsel for ACUITY participated in Alvarado Medel's deposition.  Defendant submits that it has no obligation to admit or deny attorney client privileged and or work product protected information as asserted "upon information and belief" by Plaintiff and therefore will not respond to the averments regarding same. Defendant denies the remaining averments in this paragraph pertaining to officers, directors, or departments heads of ACUITY.

50.  Answering Paragraph 50 of Plaintiff's Complaint, Defendant admits counsel for ACUITY participated in R&R Express Inc.'s deposition.  Defendant submits that it has no obligation to admit or deny attorney client privileged and or work product protected information as asserted "upon information and belief" by Plaintiff and therefore will not respond to the averments regarding same.   Defendant denies the scope of the discovery involved the causes of action in this case, which were not pled in the other action.   Defendant denies the remaining averments in this paragraph pertaining to officers, directors, or departments heads of ACUITY.

51.  Answering Paragraph 51 of Plaintiff's Complaint, Defendant admits it filed its Third Supplemental FRCP 26 discovery disclosure.  The disclosure speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

52.  Answering Paragraph 52 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate NRCP 8 and therefore do not require a response.  To the extent a response is deemed necessary, Defendant admits Plaintiff sent the demand.  The demand speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

53.  Answering Paragraph 53 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate NRCP 8 and therefore do not require a response.  To the extent

a response is deemed necessary, Defendant admits Plaintiff sent the demand.  The demand speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

54.     Answering Paragraph 54 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate NRCP 8 and therefore do not require a response.  To the extent a response is deemed necessary, Defendant admits Plaintiff filed an offer of judgement.  Said offer of judgement speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.  Defendant further submits that it has no obligation to admit or deny attorney client privileged and or work product protected information as asserted "upon information and belief" by Plaintiff and therefore will not respond to the averments regarding same.  Defendant denies the remaining averments in this paragraph pertaining to officers, directors, or departments heads of ACUITY.

55.     Answering Paragraph 55 of Plaintiff's Complaint, Defendant submits that it has no obligation to admit or deny attorney client privileged and or work product protected information as asserted "upon information and belief" by Plaintiff and therefore will not respond to the averments regarding same.  Defendant further denies the involvement of  officers, directors, or departments heads of ACUITY in investigating and evaluating Plaintiff's claim.

56.     Answering Paragraph 56 of Plaintiff's Complaint, Defendant admits it sent a letter to Plaintiff on or about March 1, 2021.  The letter speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

57.     Answering Paragraph 57 of Plaintiff's Complaint, Defendant admits Plaintiff sent a letter on or about March 5, 2021.  The letter speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

58.     Answering Paragraph 58 of Plaintiff's Complaint, Defendant submits that it has no obligation to admit or deny attorney client privileged and or work product protected information

as asserted "upon information and belief" by Plaintiff and therefore will not respond to the averments regarding same.  Defendant further denies the involvement of officers, directors, or departments heads of ACUITY in investigating and evaluating Plaintiff's claim.

59.  Answering Paragraph 59 of Plaintiff's Complaint, Defendant admits the averments in this paragraph but denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute, and further denies causing Plaintiff to incur any damages whatsoever.

60.  Answering Paragraph 60 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate FRCP 8 and therefore do not require a response.  To the extent a response is deemed necessary, Defendant admits Plaintiff filed his sixth supplemental FRCP 26 discovery disclosure.  The disclosure speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.  Defendant admits it was served a copy of the disclosure.  Defendant submits that it has no obligation to admit or deny attorney client privileged and or work product protected information as asserted "upon information and belief" by Plaintiff and therefore will not respond to the averments regarding same.  Defendant further denies the involvement of officers, directors, or departments heads of ACUITY in investigating and evaluating Plaintiff's claim.

61.  Answering Paragraph 61 of Plaintiff's Complaint, admits the averments in this paragraph.

62.  Answering Paragraph 62 of Plaintiff's Complaint, Defendant admits it requested authorizations from Plaintiff.  Defendant submits that Plaintiff's assertion that he "promptly" provided the authorizations is vague, ambiguous, subjective in nature, and subject to multiple interpretations.  Therefore, Defendant is without knowledge as to this averment.

63.  Answering Paragraph 63 of Plaintiff's Complaint, Defendant admits Plaintiff sent a list of proposed topics for an FRCP 30(b)(6) deposition.  The proposal speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

64.  Answering Paragraph 64 of Plaintiff's Complaint, Defendant admits it responded to

Plaintiff's request.  The response speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

65.     Answering Paragraph 65 of Plaintiff's Complaint, admits Plaintiff noticed the deposition of the FRCP 30(b)(6) witness.  The notice speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

66.     Answering Paragraph 66 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph are argumentative, stating legal conclusions rather than facts.  For this reason, Defendant admits the deposition of Dr. Poindexter was set by Defendant, and admits it was set for June 18, 2021 as agreed by the parties, but denies the remaining averments in this paragraph.

67.    Answering Paragraph 67 of Plaintiff's Complaint, Defendant admits it filed a Motion for Protective Order.  The motion speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

68.     Answering Paragraph 68 of Plaintiff's Complaint, Defendant submits that the referenced motion speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

69.     Answering Paragraph 69 of Plaintiff's Complaint, Defendant admits the averments in this paragraph.

70.     Answering Paragraph 70 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate NRS 48.105 and thus require no response.  To the extent a response is deemed necessary, Defendant admits it suggested the parties attend mediation.  Defendant denies Plaintiff's aspersions that it acted in bad faith and failed to properly communicate with Plaintiff or that there exists a duty to mediate or offer to mediate.

71.    Answering Paragraph 71 of Plaintiff's Complaint, Defendant admits it filed a motion to withdraw.  The motion speaks for itself and is the best evidence as to its contents.  To the extent

Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

72.     Answering Paragraph 72 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph are argumentative, stating legal conclusions rather than facts.  For this reason, and because Defendant's motion was granted, Defendant denies the averments in this paragraph.

73.     Answering Paragraph 73 of Plaintiff's Complaint, the referenced transcript speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

74.     Answering Paragraph 74 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

75.     Answering Paragraph 75 of Plaintiff's Complaint, Defendant submits that the referenced transcript speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

76.     Answering Paragraph 76 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate NRS 48.105 and therefore do not require a response.  To the extent a response is deemed necessary, Defendant submits that the averments in this paragraph are argumentative, stating legal conclusions rather then facts.  For this reason,  Defendant denies the averments in this paragraph.

77.     Answering Paragraph 77 of Plaintiff's Complaint, Defendant submits that the referenced transcript speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph. Further, Defendant specifically denies "admitting that ACUITY never advised Plaintiff of (sic) basis of that decision and again invited Plaintiff to file suit in order to resolve his claim and to learn ACUITY's evaluation and determination of his claim."

78.     Answering Paragraph 78 of Plaintiff's Complaint, Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute and further

denies causing Plaintiff to incur any damages whatsoever.

79.     Answering Paragraph 79 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

80.   Answering Paragraph 80 of Plaintiff's Complaint, Defendant admits that based on the known information do date it has determined that Plaintiff has been adequately compensated by the tortfeasor's in this matter.  Defendant denies the remaining averments in this paragraph.

81.     Answering Paragraph 81 of Plaintiff's Complaint, Defendant submits that Plaintiff's assertions regarding "substantial medical evidence" and "severe. . . injuries" are vague, ambiguous, subjective in nature, and subject to multiple interpretations.  Therefore, Defendant is without knowledge as to the averments in this paragraph.

82.     Answering Paragraph 82 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate NRCP 8 and thus require no response.  To the extent a response is deemed necessary, Defendant denies Plaintiff's intimation that Defendant has accepted or otherwise waived its right to contest Plaintiff's damages.

83.     Answering Paragraph 83 of Plaintiff's Complaint, Defendant submits that the averments in this paragraph violate NRCP 8 and therefore do not require a response.  To the extent a response is deemed necessary, Defendant denies the averments in this paragraph.

84.     Answering Paragraph 84 of Plaintiff's Complaint, Defendant admits the parties conducted discovery as outlined in this paragraph.  Defendant is without knowledge as to what "provided it timely" encompasses and is therefore without knowledge as to this averment. Defendant denies failing to respond to Plaintiff.

85.     Answering Paragraph 85 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

86.     Answering Paragraph 86 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

87.     Answering Paragraph 87 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

88.     Answering Paragraph 88 of Plaintiff's Complaint, Defendant denies the averments

in this paragraph.

89.    Answering Paragraph 89 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

90.    Answering Paragraph 90 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

91.    Answering Paragraph 91 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

92.    Answering Paragraph 92 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

93.    Answering Paragraph 93 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

94.    Answering Paragraph 94 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

95.    Answering Paragraph 95 of Plaintiff's Complaint, Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute, and further denies causing Plaintiff to incur any damages whatsoever.

96.    Answering Paragraph 96 of Plaintiff's Complaint, Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute, and further denies causing Plaintiff to incur any damages whatsoever.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

97.    Answering Paragraph 97 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 96, inclusive, of Plaintiff's Complaint, as if fully set forth, and incorporates them herein by reference.

98.    Answering Paragraph 98 of Plaintiff's Complaint, Defendant submits that Plaintiff's assertion regarding injuries and damages is vague, ambiguous, subjective in nature, and subject to multiple interpretations.  Defendant is therefore without knowledge as to this averments.  Further, Defendant is without knowledge regarding the facts of the accident, except for those contained in

the traffic accident report and as relayed by Plaintiff and witnesses, obtained by Defendant during the course of its investigation.  Defendant denies the vehicle operator was underinsured.

99.    Answering Paragraph 99 of Plaintiff's Complaint, Defendant admits the policy was in effect at the time of the loss.  Defendant denies Plaintiff is entitled to benefits pursuant to the terms of the policy.

100.    Answering Paragraph 100 of Plaintiff's Complaint, Defendant that the referenced policy speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its terms, conditions or exclusions, Defendant denies the averments in this paragraph.

101.    Answering Paragraph 101 of Plaintiff's Complaint, Defendant submits that the policy speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its terms, conditions, or exclusions, Defendant denies the averments in this paragraph.

102.    Answering Paragraph 102 of Plaintiff's Complaint, Defendant submits that Plaintiff's assertion regarding injuries and damages is vague, ambiguous, subjective in nature, and subject to multiple interpretations.  Defendant is therefore without knowledge as to this averments. Further, Defendant is without knowledge regarding the facts of the accident, except for those contained in the traffic accident report and as relayed by Plaintiff and witnesses, obtained by Defendant during the course of its investigation.  Defendant denies the negligent party maintained insufficient liability insurance to fully compensate Plaintiff and thus denies Plaintiff is entitled to recover UIM benefits pursuant to the terms of the policy.

103. Answering Paragraph 103 of Plaintiff's  Complaint Defendant admits a bilateral duty of good faith and fair dealing exists between the parties.  Defendant denies failing to satisfy that duty.

104. Answering Paragraph 104 of Plaintiff's  Complaint Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law or statute, and further denies causing Plaintiff to incur any damages whatsoever.

105. Answering Paragraph 105 of Plaintiff's  Complaint Defendant denies breaching any

obligation or duty owed to Plaintiff, whether created by contract, tort law or statute, and further denies causing Plaintiff to incur any damages whatsoever.

106.  Answering Paragraph 106 of Plaintiff's  Complaint Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law or statute, and further denies causing Plaintiff to incur any damages whatsoever.

107.   Answering Paragraph 107 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

108.   Answering Paragraph 108 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

## SECOND CAUSE OF ACTION

### (Unfair Insurance Practices)

109.  Answering Paragraph 109 of Plaintiff's  Complaint Defendant repeats and realleges its answers to Paragraphs 1 through 108, inclusive, of Plaintiff's Complaint, as if fully set forth, and incorporates them herein by reference.

110.  Answering Paragraph 110 of Plaintiff's  Complaint Defendant denies the averments in this paragraph.

111.   Answering Paragraph 111 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

112.      Answering Paragraph 112 of Plaintiff's Complaint, Defendant submits the referenced statute speaks for itself and is the best evidence as to its contents.  To the extent Plaintiff seeks to alter, modify, or otherwise change its contents, Defendant denies the averments in this paragraph.

113.   Answering Paragraph 113 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

114.   Answering Paragraph 114 of Plaintiff's Complaint, Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute, and further denies causing Plaintiff to incur any damages whatsoever. Defendant further denies an officer, director or department head was involved in the investigation and evaluation of Plaintiff's claim.

115.    Answering Paragraph 115 of Plaintiff's Complaint, Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute, and further denies causing Plaintiff to incur any damages whatsoever.

116.    Answering Paragraph 116 of Plaintiff's Complaint, Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute, and further denies causing Plaintiff to incur any damages whatsoever.

117.    Answering Paragraph 117 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

### THIRD CAUSE OF ACTION

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing ("Bad Faith"))**

118.    Answering Paragraph 118 of Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 117, inclusive, of Plaintiff's Complaint, as if fully set forth, and incorporates them herein by reference.

119.    Answering Paragraph 119 of Plaintiff's Complaint, Defendant admits the averments in this paragraph.

120.    Answering Paragraph 120 of Plaintiff's Complaint, Defendant admits that both Plaintiff and Defendant owe each other a duty of good faith and fair dealing during the time the policy is in effect.

121.    Answering Paragraph 121 of Plaintiff's Complaint, Defendant is without knowledge as to the averments in this paragraph.

122.    Answering Paragraph 122 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

123.    Answering Paragraph 123 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

124.    Answering Paragraph 124 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

125.    Answering Paragraph 125 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

126. Answering Paragraph 126 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

127. Answering Paragraph 127 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

128. Answering Paragraph 128 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

129. Answering Paragraph 129 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

130. Answering Paragraph 130 of Plaintiff's Complaint, Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute, and further denies causing Plaintiff to incur any damages whatsoever.

131. Answering Paragraph 131 of Plaintiff's Complaint, Defendant denies breaching any obligation or duty owed to Plaintiff, whether created by contract, tort law, or statute, and further denies causing Plaintiff to incur any damages whatsoever.

132. Answering Paragraph 132 of Plaintiff's Complaint, Defendant denies the averments in this paragraph.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

The acts or omissions of third parties, including one or several tortfeasors, may have proximately caused or otherwise contributed to the losses alleged by Plaintiff.

### Third Affirmative Defense

The negligence of Plaintiff contributed to any injuries that he may have sustained and the legal concept of comparative fault must be assessed to the detriment of Plaintiff.

### Fourth Affirmative Defense

The Plaintiff has failed to make a reasonable good faith effort to mitigate his damages, if any.

1

Fifth Affirmative Defense

2     To the extent that any contract between these parties is supported by adequate consideration,

3 Plaintiff has failed to fulfill and perform her obligations and duties to Defendant under the contract

4 and is therefore barred from enforcing the same against it.

5

Sixth Affirmative Defense

6     The NRS 42.005 exclusion of insurance companies from treble limits is unconstitutional and

7 in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States

8 Constitution as well as the Due Process Clause of the Fourteenth Amendment of the United States

9 Constitution

10

Seventh Affirmative Defense

11     The damages sustained by Plaintiff, if any, were caused by the acts of unknown third persons

12 who were not agent, servants, or employees of Defendant and who were not acting on behalf of

13 Defendant in any manner or form and, as such, Defendant is not liable in any manner to the Plaintiff.

14

Eighth Affirmative Defense

15     The allegations alleged in the Complaint, and the resulting damage if any, to Plaintiff, were

16 proximately caused or contributed to by Plaintiff's own negligence, and such negligence may have

17 been greater than the negligence, if any, of Defendant.

18

Ninth Affirmative Defense

19     Pursuant to N.R.C.P. 11, as amended, all possible affirmative defenses may not have been

20 alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of

21 this Answer, and therefore, Defendant reserves the right to amend this Answer to allege additional

22 affirmative defenses as subsequent investigation warrants.

23

Tenth Affirmative Defense

24     Plaintiff lacks legal entitlement to assert a bad faith claim as contemplated by the Nevada

25 Supreme Court in *Pemberton v. Farmers Insurance Exchange*, 109 Nev. 789, 8 P.2d 380 (1993).

26

Eleventh Affirmative Defense

27     Nevada's punitive damages statutes violate the Fourteenth Amendment of the United States

28 Constitution, including the Due Process clause and Equal Protection clause, to the extent such statutes

provide for unlimited recovery pursuant to the findings of *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed. 2d 585 (2003).  Further, the Nevada punitive damages statutes are unconstitutional as they are vague and ambiguous, and therefore enforcement under same is contrary to the Nevada State Constitution and the United States Constitution.

<u>Twelfth Affirmative Defense</u>

Plaintiff's causes of action, as outlined in his Complaint, are barred by the applicable statute of limitations.

<u>Thirteenth Affirmative Defense</u>

Defendant has a genuine dispute with Plaintiff as to the amount of Plaintiff's claim <u>See Wilson v. 21st Century Ins. Co.</u>, 42 Cal. 4th 713, 723, 68 Cal. Rptr. 3d 746, 754,171 P.3rd 1082, 1088-1089 (2007).

DATED this 14th day of March, 2022.

THE FELDMAN FIRM


By    */s/ David Feldman*
David J. Feldman, Esq.
Nevada Bar No. 5947
Rachel J. Holzer, Esq.
Nevada Bar No. 11604
8831 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone:  (702) 949-5096
Facsimile:  (702) 949-5097
dfeldman@feldmanattorneys.com
rholzer@feldmanattorneys.com
*Attorneys for Defendants*

1

## CERTIFICATE OF SERVICE

2      Pursuant to FRCP 5(b), I certify that I am employee of The Feldman Firm, and on this 14th

3 day of March, 2022, I served a true and correct copy of the foregoing **DEFENDANT'S ANSWER**

4 **TO COMPLAINT** on all parties in this action set forth below by Electronic Mail through the United

5 States District Court's CM/ECF Filing System:

6 STEVEN T. JAFFE, ESQ.
sjaffe@lawhjc.com
7 TAYLOR R. ANDERSON, ESQ.
tanderson@lawhjc.com
8 HALL JAFFE&CLAYTON, LLP
7425 Peak Drive
9 Las Vegas, Nevada 89128
Phone: (702) 316-4111
10 Facsimile: (702) 316-4114
and
11 JOHN P. SHANNON, ESQ.
John@jpshannonlaw.com
12 JASON S. COOK, ESQ.
jason@williamshannonlaw.com
13 LAW OFFICE OF WILLIAM H. JACKSON, LLC
3320 N. Buffalo Drive, Ste. 202
14 Las Vegas, Nevada 89129
Phone: (702) 489-3030
15 Facsimile: (702) 489-3033
Attorneys for Plaintiff

16
                                    */s/ Heather Miller*
17                                    An Employee of THE FELDMAN FIRM

18

19

20

21

22

23

24

25

26

27

28