# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ESTEVAN ALVARADO-HERRERA,<br>　　　Plaintiff(s),<br>v.<br>ACUITY A MUTUAL INSURANCE COMPANY,<br>　　　Defendant(s). | Case No. 2:22-cv-00438-CDS-NJK<br>**Order**<br>[Docket No. 23] |

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 23. Defendant filed a response in opposition. Docket No. 26. Plaintiff filed a reply. Docket No. 27. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to compel is **DENIED** without prejudice.

Much of the parties' motion practice is devoted to arguing which standards and analysis apply to their dispute. Judges within this District have ruled that at-issue waiver in the bad faith insurance context is governed by the *Hearn* test. *See Wood v. Nautilus Ins. Co.*, 2021 WL 5415330, at *2-3 (D. Nev. Nov. 18, 2021) (citing *Spargo v. State Farm Fire & Cas. Co.*, 2017 WL 2695292 (D. Nev. June 22, 2017)). The Court finds that these standards apply to the assertion of at-issue waiver in this case, so future conferral efforts and any future motion practice should track these standards.[1]

In addition, Plaintiff's motion did not engage with specific information or documents in dispute, but instead sought a blanket ruling requiring disclosure. In reply, Plaintiff indicates that

---

[1] The briefing at times appears to conflate concepts. Plaintiff's motion is predicated on an at-issue waiver, but it appears Plaintiff's arguments that an attorney acted as a "super-adjuster" may be predicated on an assertion that an attorney's non-legal business work is not privileged at all. *See, e.g.*, Docket No. 27 at 10; *see also Residential Constr., LLC v. Ace Prop. & Cas. Ins. co.*, 2006 WL 3149362, at *12 n.7 (D. Nev. Nov. 1, 2006) ("Where an attorney acts as a claims adjuster, claims process supervisor, or claim investigation monitor, and not as a legal adviser, the attorney-client privilege does not apply"). To the extent Plaintiff is challenging whether communications are privileged as a threshold matter, he must do so more clearly moving forward.

1

he is seeking guidance through issuance of a "preliminary decision" to inform future discovery efforts. *See* Docket No. 27 at 10-11.  It is not entirely clear what it is that Plaintiff is seeking and the Court declines to resolve important privilege issues based on generalized argument.  *Cf. Wood*, 2021 WL 5415330 at *3 (addressing whether specific communications regarding four re-tenders must be produced).² Any future motion practice must more clearly explain what it is that Plaintiff is seeking.

Accordingly, the motion to compel is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: October 25, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

² Plaintiff asserts that privilege issues must be addressed prior to depositions, which are not currently before the Court.  Docket No. 27 at 11.  That is not correct.  Depositions may proceed subject to the ordinary objection and conferral process.  *See Cardinali v. Plusfour, Inc.*, 2018 WL 7502644, at *4 (D. Nev. Oct. 9, 2018).