# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ESTEVAN ALVARADO-HERRERA,<br>　　Plaintiff(s),<br>v.<br>ACUITY A MUTUAL INSURANCE COMPANY,<br>　　Defendant(s). | Case No. 2:22-cv-00438-CDS-NJK<br>**Order**<br>[Docket No. 35] |

Pending before the Court is Defendant's motion to compel a Rule 35 examination and raw data from Plaintiff's expert. Docket No. 35. Plaintiff filed a response in opposition. Docket No. 41. Defendant filed a reply. Docket No. 45. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED**.

**I.　BACKGROUND**

Defendant is an insurance company that provided coverage for a 2012 Ford Transit Connect van. Docket No. 1-2 at ¶ 6. On January 30, 2017, Plaintiff was involved in an accident while standing next to that vehicle. *Id.* at ¶ 9. Plaintiff brought suit against the alleged tortfeasors and Defendant intervened in that action. *See id.* at ¶ 19. Following resolution of the claims with the tortfeasors, that lawsuit was dismissed. *See* Docket No. 41-12 at 21. Plaintiff then brought this suit against Defendant for breach of contract regarding underinsured motorist coverage, unfair insurance practices, and breach of the covenant of good faith and fair dealing. Docket No. 1-2 at ¶¶ 97-132. Defendant removed the case to federal court on diversity grounds. *See* Docket No. 1.

**II.　STANDARDS**

A court may order a party whose mental or physical condition is in controversy to submit to a mental or physical examination. Fed. R. Civ. P. 35(a)(1). The order may be made only on a motion for good cause. Fed. R. Civ. P. 35(a)(2)(a). "The decision whether to order a Rule 35

examination rests in the sound discretion of the trial court." *Adele v. Dunn*, 2012 WL 5944705, at *2 (D. Nev. Nov. 26, 2012) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964)).

### III.     ANALYSIS

The parties first dispute whether Plaintiff's medical condition is in controversy in this case. *Compare* Docket No. 35 at 11-12 *with* Docket No. 41 at 10-11. The Court agrees with Defendant that Plaintiff's medical issue is in controversy given that he is claiming substantial damages based on his physical condition. Indeed, Plaintiff himself has advanced evidence and expert opinion in this case as to his medical condition. *See, e.g.*, Docket No. 35-3 (opinion of Carol Hyland); Docket No. 35-2 at 20 (identifying Carol Hyland report in disclosure in this case). Defendant has the right to perform its own assessment as a means of leveling the playing field. *See, e.g.*, *Painter v. Atwood*, 2013 WL 5428059, at *2 (D. Nev. Sept. 26, 2013). Good cause exists for the medical examination.

Moreover, the Court is not persuaded by Plaintiff's arguments against a medical examination. The primary assertion made is that Defendant cannot obtain a medical examination in this case because it was an intervenor in the underlying tortfeasor case during which proceeding Defendant did not seek a Rule 35 examination. *See, e.g.*, Docket No. 41 at 10-12. Plaintiff provides no legal authority addressing these circumstances and finding that a medical examination is improper in the second action. Moreover, the case law that is cited supports requiring a medical examination in the second action. *See Vario v. First Nat'l Ins. Co.*, 2017 WL 3172825, at *3 (W.D. Wash. July 26, 2017).[1] As such, the Court will require Plaintiff to participate in a Rule 35 examination.

With respect to the raw data used by Carol Hyland in her evaluation, Plaintiff does not provide any meaningful argument that such information was not required to be produced pursuant to Rule 26(a)(2)(B)(ii) of the Federal Rules of Civil Procedure. As such, this aspect of the motion is unopposed. *See* Local Rule 7-2(d).

---

[1] The court in *Vario* limited the Rule 35 examination to the plaintiff's current medical condition and future medical prognosis because a Rule 35 examination had already been taken in the prior case. *See* 2017 WL 3172825, at *3. The Court agrees with Defendant that such a limitation is not warranted in the circumstances of this case. *See* Docket No. 45 at 7-8.

### IV. CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED**. Plaintiff must appear by video conference for a medical examination to be performed by Robert Taylor at 1:00 p.m. on November 10, 2022.[2] The examination and any vocational testing must not exceed four and a half hours. In addition, Plaintiff must produce the raw data of Carol Hyland by November 3, 2022.[3]

IT IS SO ORDERED.

Dated: October 25, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] To the extent the parties mutually agree to do so, this examination may be conducted at a different date or time.

[3] Plaintiff seeks a protective order to ensure that he need not be burdened by completing unnecessary discovery. *See* Docket No. 41 at 14-16. The Court declines to enter such a broad protective order. To the extent any particular discovery request is objectionable, Plaintiff may lodge an objection and proceed through the ordinary conferral process.