# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ESTEVAN ALVARADO-HERRERA,

    Plaintiff(s),

v.

ACUITY A MUTUAL INSURANCE COMPANY,

    Defendant(s).

Case No. 2:22-cv-00438-CDS-NJK

**Order**

[Docket No. 77]

Pending before the Court is a stipulation to extend case management deadlines by nearly three months. Docket No. 77.

A request to extend deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). Given shortcomings earlier in this case, the Court has previously warned the parties that it would closely analyze future requests for the required showing of good cause. *See* Docket No. 66 at 2.

The vast majority of the stipulation fails on its face to establish good cause. Cutting and pasting from a prior stipulation, the parties seek extra time now because counsel have been busy with other cases. *See* Docket No. 77 at 6; *see also* Docket No. 72 at 6. The Court has already explicitly rejected that reasoning as grounds for an extension of the case management deadlines. Docket No. 73 at 1 (citing both Docket No. 66 and *Williams v. James River Grp. Inc.*, ___ F. Supp. 3d ___, 2022 WL 4181415, at *4 (D. Nev. Sept. 13, 2022)). Attorneys "play with fire if they raise the same arguments over and over and fail to acknowledge prior adverse rulings." *Atlantis Enterps., Inc. v. Avon Prods. Inc.*, 2010 WL 11519593, at *3 (C.D. Cal. Jan. 14, 2010) (quoting

1

*U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F. Supp. 2d 994, 1015 (N.D. Ill. 2008)).

With respect to the deposition of Plaintiff, the stipulation indicates that the deposition cannot move forward because Plaintiff filed a motion for protective order. Docket No. 77 at 6.[1] The parties have known from the early days of this case that Plaintiff would need to be deposed. *See, e.g.*, Docket No. 33 at 3. No explanation has been advanced as to why this discovery dispute has been presented so late in the litigation when the parties knew or should have known about it for months.

With respect to the depositions of experts, the need for those depositions has again been known for many months. *See, e.g.*, Docket No. 77 at 3 (identifying expert disclosures having been made on May 20, 2022). While the Court appreciates that experts may have busy schedules, they have been hired by the parties in this case and counsel has had plenty of time to schedule depositions.[2]

That leaves the stipulation's assertion that an extension is warranted based on scheduling difficulties with respect to the depositions of Melissa Grandon and Tom Behrand. For the former deposition, reference is made to a family emergency but no details are provided. Docket No. 77 at 5.[3] For the latter deposition, the stipulation indicates limited availability "as outlined above," but there is no elaboration provided above. Docket No. 77 at 5. The Court cannot determine the sufficiency of this reasoning without meaningful discussion of the circumstances, and it would not

---

[1] Filing a motion for protective order does not negate the duty to appear for deposition. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Plaintiff has not obtained an order to stay the obligation to proceed with the deposition. *Cf. Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336-37 (D. Nev. 2016).

[2] Without elaboration, the stipulation indicates that these depositions must wait until after fact-witness depositions have been completed. Docket No. 77 at 6. If that is the case, it begs the question as to why the fact-witness depositions were not scheduled months ago. Moreover, no elaboration is provided as to why expert depositions cannot move forward given that the expert reports themselves apparently did not require the fact depositions to be completed. *See id.* at 3 (identifying expert disclosures having been made on May 20, 2022).

[3] The stipulation offers to provide information *in camera*, but no showing has been made that *in camera* review is appropriate. To the extent the governing standards can be met, the parties are obviously able to file the pertinent information under seal along with a contemporaneous motion to seal that explains how the standards are met. *See* Local Rule IA 10-5.

*U.S. Commodity Futures Trading Com'n v. Lake Shore Asset Mgmt. Ltd.*, 540 F. Supp. 2d 994, 1015 (N.D. Ill. 2008)).

With respect to the deposition of Plaintiff, the stipulation indicates that the deposition cannot move forward because Plaintiff filed a motion for protective order. Docket No. 77 at 6.[1] The parties have known from the early days of this case that Plaintiff would need to be deposed. *See, e.g.*, Docket No. 33 at 3. No explanation has been advanced as to why this discovery dispute has been presented so late in the litigation when the parties knew or should have known about it for months.

With respect to the depositions of experts, the need for those depositions has again been known for many months. *See, e.g.*, Docket No. 77 at 3 (identifying expert disclosures having been made on May 20, 2022). While the Court appreciates that experts may have busy schedules, they have been hired by the parties in this case and counsel has had plenty of time to schedule depositions.[2]

That leaves the stipulation's assertion that an extension is warranted based on scheduling difficulties with respect to the depositions of Melissa Grandon and Tom Behrand. For the former deposition, reference is made to a family emergency but no details are provided. Docket No. 77 at 5.[3] For the latter deposition, the stipulation indicates limited availability "as outlined above," but there is no elaboration provided above. Docket No. 77 at 5. The Court cannot determine the sufficiency of this reasoning without meaningful discussion of the circumstances, and it would not

---

[1] Filing a motion for protective order does not negate the duty to appear for deposition. *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964). Plaintiff has not obtained an order to stay the obligation to proceed with the deposition. *Cf. Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 336-37 (D. Nev. 2016).

[2] Without elaboration, the stipulation indicates that these depositions must wait until after fact-witness depositions have been completed. Docket No. 77 at 6. If that is the case, it begs the question as to why the fact-witness depositions were not scheduled months ago. Moreover, no elaboration is provided as to why expert depositions cannot move forward given that the expert reports themselves apparently did not require the fact depositions to be completed. *See id.* at 3 (identifying expert disclosures having been made on May 20, 2022).

[3] The stipulation offers to provide information *in camera*, but no showing has been made that *in camera* review is appropriate. To the extent the governing standards can be met, the parties are obviously able to file the pertinent information under seal along with a contemporaneous motion to seal that explains how the standards are met. *See* Local Rule IA 10-5.

appear on the face of the stipulation that these scheduling difficulties would warrant allowing the lengthy extension being sought.[4]

In light of the above, the parties are **ORDERED** to file a supplement to their stipulation by March 30, 2023. The parties must immediately confer on the soonest practical date for these depositions and provide those dates in the supplement. Moreover, the supplement must detail the reasons why the depositions of Grandon and Behrand have not moved forward already. To the extent they believe it is warranted, the parties may seek to seal that information pursuant to Local Rule IA 10-5.

IT IS SO ORDERED.

Dated: March 28, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Once again, the potential need for these depositions has been known to counsel for months. *See* Docket No. 65 at 4 (noting need for "[d]eposition of Defendant Acuity A Mutual Insurance Company's Adjusters, Supervisors, and Managers").