# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ESTEVAN ALVARADO-HERRERA,

 Plaintiff(s),

v.

ACUITY A MUTUAL INSURANCE COMPANY,

 Defendant(s).

Case No. 2:22-cv-00438-CDS-NJK

**Order**

[Docket Nos. 77, 80]

Pending before the Court is a stipulation to extend case management deadlines by nearly three months. Docket No. 77. The parties filed a supplement. Docket No. 81. Also pending before the Court is a motion to seal. Docket No. 80.

**I. STIPULATION TO EXTEND**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g., Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010).

The Court has already found that the vast majority of the stipulation fails on its face to establish good cause. Docket No. 78 at 1-2. The remaining issues for evaluation are the circumstances of the Behrand and Grandon depositions. *See id.* at 2-3. With respect to Behrand, the supplement indicates that there have been scheduling difficulties given his work meetings with employees. Docket No. 81 at 4. That Behrand and Acuity have prioritized his work meetings over his deposition are not good cause to extend case management deadlines. Nonetheless, the parties now indicate that his deposition can move forward on April 20, 2023, and the Court is allowing an extension for the separate reason stated below.

With respect to Grandon, good cause exists to delay her deposition, which in turn may impact some of the other discovery in the case. *See* Docket No. 81 at 4. The parties are hopeful that this deposition can take place in late April. *See id.*

Accordingly, good cause exists for an extension, though not as lengthy an extension as the parties sought. Nonetheless, the Court will allow the extension sought <u>as a final courtesy</u> to the parties.[1] Accordingly, the stipulation to extend is **GRANTED**. Deadlines are **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: closed
- Rebuttal experts: June 23, 2023
- Discovery cutoff: July 23, 2023
- Dispositive motions: August 25, 2023
- Joint proposed pretrial order: September 22, 2023, or 30 days after resolution of dispositive motions

<u>**Absent the development of unexpected circumstances regarding Grandon, no further extensions will be granted**</u>.

## II.     MOTION TO SEAL

Judicial filings related to non-dispositive matters may be sealed upon a showing of good cause. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). A request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

---

[1] Providing more time than is justified on the present record should also afford more time as to Grandon's deposition to the extent necessary as her circumstances evolve.

The privacy concerns identified in the motion to seal constitute good cause for secrecy of the medical issues identified, but such concerns can be addressed through redaction rather than wholesale sealing of the supplement and exhibits.

Accordingly, the motion to seal is **GRANTED** in part.

### III. CONCLUSION

For the reasons discussed above, the stipulation to extend (Docket No. 77) is **GRANTED**.

For the reasons also discussed above, the motion to seal (Docket No. 80) is **GRANTED** in part. The Clerk's Office is **INSTRUCTED** to continue maintaining under seal Docket No. 81 and the exhibits thereto, but Defendant must file a notice attaching a redacted version of those documents by April 7, 2023.

IT IS SO ORDERED.

Dated: March 31, 2023

_____
Nancy J. Koppe
United States Magistrate Judge