# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ESTEVAN ALVARADO-HERRERA,

     Plaintiff(s),

v.

ACUITY A MUTUAL INSURANCE COMPANY,

     Defendant(s).

Case No. 2:22-cv-00438-CDS-NJK

**Order To Show Cause**

On September 12, 2022, Defendant moved to compel Plaintiff to answer Interrogatories 19 through 23. Docket No. 38. After full briefing and a hearing, the Court granted that motion to compel and ordered Plaintiff to provide answers to Interrogatories 19 through 23 by November 22, 2022. Docket No. 61. More than three months later, on February 27, 2023, Plaintiff filed a motion to stay that order pending resolution of his objection to the district judge. Docket No. 70.[1] On February 28, 2023, that motion to stay was denied without prejudice since it was filed well after the deadline at issue had expired and no showing had been made as to how it could be considered timely given that circumstances. Docket No. 71 at 1 (citing, *inter alia*, *in re Lernout & Houspie Securities Litig.*, 219 F.R.D. 28, 30 (D. Mass. 2003)). That order also made abundantly clear that failing to meet an ordered deadline in such circumstance was not only "improper," but also "probably contumacious." *Id.* (quoting *Lernout & Houspie*, 219 F.R.D. at 30). Plaintiff has not renewed his motion to stay.

On March 30, 2023, a supplement to an extension request was filed making clear that Plaintiff has still not provided the compelled interrogatory responses despite the passage of more

---

[1] As Plaintiff implicitly acknowledged in belatedly seeking this relief, the filing of an objection to a magistrate judge's discovery order does not automatically stay that order's operation. *PlayUp, Inc. v. Mintas*, ___ F. Supp. 3d ___, 2022 WL 10967692, at *2 (D. Nev. Oct. 18, 2022) (collecting cases).

than four months since the deadline set by the Court.  Docket No. 81 at 5.[2]  Accordingly, the Court hereby **ORDERS** Plaintiff and Plaintiff's attorneys of record (Jason Cook, John Patrick Shannon, Steven Jaffe, and Taylor Anderson) to show cause in writing, no later than April 14, 2023, why they should not be held in contempt.

IT IS SO ORDERED.

Dated: March 31, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The supplement further represents that the violation of the Court's order is causing delay as to other discovery matters.  Docket No. 81 at 5 ("Acuity requires this information prior to deposing Plaintiff's experts, as it will likely be a topic for deposition").  The supplement also suggests that the parties agreed among themselves to reset this court-ordered deadline, *see id.*, which they are not empowered to do without judicial approval.