UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Estevan Alvarado-Herrera, | Case No. 2:22-cv-00438-CDS-NJK |
| Plaintiff | |
| v. | **Omnibus Order Resolving Summary-Judgment Motions and Appeals of Magistrate Judge Orders** |
| Acuity A Mutual Insurance Company, | [ECF Nos. 25, 29, 40, 64, 102] |
| Defendant | |

Plaintiff Estevan Alvarado-Herrera (Alvarado) brings this bad-faith insurance lawsuit against Acuity A Mutual Insurance Company. On January 30, 2017, Alvarado sustained serious injuries in a car accident while working for Sierra Air Conditioning Company (Sierra) and operating one of its work vehicles, which was insured by Acuity. In 2019, Alvarado sued the individual who caused the accident, along with that person's employer. Acuity intervened in that case—which ultimately resolved via settlement—and Acuity was dismissed as a defendant. Alvarado then brought this bad-faith case against Acuity in state court, and Acuity removed it to this court based on diversity jurisdiction.

Pending before the court are Acuity's appeal of an order denying its motion to compel (ECF No. 25), competing motions for partial summary judgment (ECF No. 29 [Acuity]; ECF No. 40 [Alvarado]), and Alvarado's appeals of an order granting Acuity's motion to compel (ECF No. 64) and an order granting Acuity's motion for a protective order (ECF No. 102). For the reasons set forth herein, I grant Acuity's motion for partial summary judgment (ECF No. 29), deny Alvarado's motion for partial summary judgment (ECF No. 40), and deny all pending appeals of the orders issued by Magistrate Judge Koppe (ECF Nos. 25, 64, and 102). I affirm those orders and adopt them in full.

## I.   Relevant background information[1]

This action stems from a related case. Consequently, the facts and procedural history of that case are relevant to the pending motions in this case, and I discuss them as necessary.

### a.   The accident and personal-injury lawsuit

On January 17, 2017, Alvarado was injured in a car accident while working for Sierra. ECF No. 1-2 at 4, ¶¶ 9–10. At the time of the accident, Sierra provided Alvarado, its employee, with insurance coverage through Acuity, including underinsured motorist (UIM) benefits. *See* Def. Ex. A-1, Acuity Insurance Policy number Z39421, ECF No. 29-2. According to Acuity, following the accident, Alvarado submitted claims for workers' compensation and claims with the tortfeasors' insurance carriers, and Alvarado advised Acuity that he may assert a UIM claim under Sierra's policy. ECF No. 29 at 2.

On November 8, 2018, Alvarado sent a demand to Acuity for payment of $1,000,000 under the UIM policy. ECF No. ECF No. 1-2, at ¶ 15. According to Alvarado, Acuity never responded.[2] ECF No. 40 at 3. Then, on January 14, 2019, Alvarado filed a personal-injury action against the individuals involved in the car accident in the Eighth Judicial District Court.[3] On February 8, 2019, by way of stipulation, Acuity intervened in the state action and filed an intervenor's answer to the complaint.[4]

On May 1, 2019, the state action was removed to federal court and was assigned to United States District Judge Jennifer Dorsey[5] and Magistrate Judge Cam Ferenbach (hereinafter "the Removal Action"). *See* 2:19-cv-00748-JAD-VCF, Pet. for Removal, ECF No. 1. Ultimately,

---

[1] This is a summary of Alvarado's allegations and is not intended as findings of fact.

[2] Acuity's response brief shows this representation is misleading. *See* ECF No. 46 at 6 (citing Exhibit A-1 (ECF No. 46-1), Claim File Log Notes, dated Nov. 15, 2018, to Dec. 8, 2018, DEF0004-07.1, showing Acuity's log notes memorializing conversations between Alvarado's prior counsel regarding his claim, to include "rec a UIM demand from atty for Alvarado for our insured driver" and noting "I will reserve at $50k and try and contact underlying carrier for status").

[3] *See* 2:19-cv-00748-JAD-VCF, Compl., ECF No. 1-1.

[4] *See id.*, Stipulation, ECF No. 1-3; Answer, ECF No. 1-5.

[5] The case was initially assigned to United States District Judge Gloria Navarro but was later reassigned to Judge Dorsey. *See id.*, at ECF No. 7.

that action was resolved between Alvarado and the named tortfeasors via settlement, *see id.* at ECF No. 87. According to Acuity, Alvarado received nearly $2,000,000. ECF No. 29 at 2; ECF No. 1-2 at ¶¶ 61; 69. Prior to the Removal Action resolving, Acuity filed a motion to withdraw as intervenor which Alvarado construes as a withdrawal of Acuity's affirmative defenses *in this case.* ECF No. 40 at 7 (citing ECF No. 40-1 at 160).[6]

   *b.*  *Alvarado filed a separate case for bad faith and breach of contract against Acuity in state court, which was subsequently removed and is now pending before this court.*

  On February 8, 2022, Alvarado filed a new action in the Eighth Judicial District Court arising out of the same underlying accident, but this time against Acuity for breach of contract, unfair insurance practices, and bad faith. Compl., ECF No. 1-2. In sum, the complaint alleges that Alvarado was legally entitled to his UIM benefits under Sierra's policy with Acuity and that Acuity's refusal to provide coverage in the Removal Action gives rise to his claims against it. *Id.* Acuity removed the case to federal court on March 9, 2022. Pet. for Removal, ECF No. 1. Both parties cross-move for summary judgment (ECF Nos. 29, 40), Acuity appeals the magistrate judge's order denying its motion to compel (ECF No. 25), and Alvarado appeals the magistrate judge's orders granting Acuity's motion to compel (ECF No. 64) and granting Acuity's motion for a protective order (ECF No. 102).

## II. Summary judgment motions

  "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any

---

[6] Alvarado's exhibits (ECF No. 40-1) do not comply with this district's local rules. LR IC 2-2, LR IA 10-3. These rules require a party filing exhibits to provide an index of exhibits, and each exhibit must be attached as a separate file (not grouped together in a single file of 288 pages, as Alvarado does here). Additionally, each exhibit must include a cover sheet describing the exhibit's contents (i.e., it must not be marked merely as "Exhibit I"). LR IA 10-3(e). In the interest of justice, I nonetheless consider the exhibits to resolve this case more expediently. But counsel is reminded to carefully comply with all of the local rules and is cautioned that future filings could be stricken for failure to do so.

material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the parties file simultaneous cross-motions for summary judgment on the same claims, "the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them." *Tulalip Tribes of Wash. v. Washington*, 783 F.3d 1151, 1156 (quoting *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001)).

An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Id.* at 250–51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex*, 477 U.S. at 323–24.

The moving party—the one seeking summary judgment—bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). However, if the moving party satisfies Rule 56's requirements, then the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. At summary judgment, "a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial." *Assur. Co. of Am. v. Ironshore Specialty Ins. Co.*, 2015 WL 4579983, at *3 (D. Nev. July 29, 2015) (citing *Anderson*, 477 U.S. at 249). In evaluating a summary judgment motion, a court views all facts and draws all

inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

Acuity seeks partial summary judgment, seeking a determination that it is entitled—in this case—to offset the amount of UIM benefits payable under the Policy by the amounts that the tortfeasors and their insurers paid to Alvarado in the Removal Action. *See generally* ECF No. 29. Alvarado also seeks partial summary judgment, arguing that Acuity cannot assert the affirmative defenses set forth in its answer on the grounds of waiver and judicial estoppel. *See generally* ECF No. 40.

        a.      *Acuity's motion for partial summary judgment* [ECF No. 29] *is granted.*

Nevada law treats insurance policies like other contracts, and thus, legal principles applicable to contracts generally are applicable to insurance policies. *Century Sur. Co. v. Andrew*, 432 P.3d 180, 183 (Nev. 2018). "Whether a party has breached a contract and whether the breach is material are questions of fact." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 536 (9th Cir. 2011) (citing *Hoffman v. Eighth Jud. Dist. Ct.*, 523 P.2d 848, 850 (1974)); *see also Crowley v. Epicept Corp.*, 883 F.3d 739, 753 (9th Cir. 2018) ("Whether a breach is material is generally a question of fact for the jury."). Further, liability insurance policies "create a cascading hierarchy of duties between the insurer and the insured." *Allstate Ins. Co. v. Miller*, 212 P.3d 318, 324 (Nev. 2009) (citing *Crawford v. Weather Shield Mfg. Inc.*, 187 P.3d 424, 427 (Cal. 2008)).

The heart of this dispute is the UIM provision of the Acuity commercial automobile policy that was issued to Sierra and was effective from March 1, 2016, through March 17, 2017 (hereinafter "the Policy").[7] *See* ECF No. 29-2. Acuity argues that the Policy entitles it "to set off[8] the payments Alvarado received for the same elements of loss, from or on behalf of those who are legally responsible, including R&R Express and the other defendants in the underlying case." ECF No. 29 at 8–9. It further argues that the Policy unambiguously states that Acuity "will not

---

[7] The Policy covered the 2012 Ford Transit Connect van that Alvarado was driving on the date of the car accident. *See* ECF No. 29-2.

[8] Offset is defined as "[s]omething (such as an amount or claim) that balances or compensates for something else." *Offset*, Black's Law Dictionary (11th ed. 2019).

make a duplicate payment under this coverage for any element of loss for which payment has been made by or for anyone who is legally responsible" for the insured's damages resulting from any one accident." ECF No. 29 at 11 (citing the Policy).

Alvarado responds with three arguments.[9] *See generally* ECF No. 39. First, Alvarado argues that Acuity failed to provide him with a reservation-of-rights letter as it relates to Acuity's UIM coverage. ECF No. 39 at 11–12. But this argument is unpersuasive because it seems to conflate the issues of coverage and offset. In fact, Alvarado's own opposition demonstrates Acuity's recognition that coverage existed at the time of the accident. *See id.* at 13 (in response to interrogatory 11, Acuity states that there were "no issues regarding whether coverage existed at the time of the loss."); *see also* Acuity's Reply, ECF No. 44 at 13 ("there is no reservation of rights letter because Acuity has not denied coverage[.]"). Whether Acuity sent a reservation-of-rights letter to Alvarado is not determinative of whether Acuity is entitled to an offset based on Alvarado's settlement with the tortfeasors in the Removal Action.

Second, Alvarado argues that the settlement in the Removal Action, specifically with R&R Express, would not invoke the UIM provision of the Policy because it does not "fit within the scope of coverage defined by Acuity." ECF No. 39 at 16–17. The first part of Alvarado's argument seems to, again, confuse coverage with offset. However, Alvarado also argues that Acuity seeks an "unreasonable and impracticabl[e]" reading of the *Limit-of-Insurance* provision of the Policy. *Id.* at 17–19. This argument is intertwined with Alvarado's third argument: that the *Limit-of-Insurance* provision of the Policy is "broad, vague and ambiguous." *Id.* at 19–20. Thus, I analyze these together.

When interpreting a provision of an insurance policy, the court's analysis must refer to the rest of the policy, which will "be read as a whole in order to give reasonable and harmonious meaning to the entire policy." *Siggelkow v. Phoenix Ins. Co.*, 846 P.2d 303, 304 (Nev. 1993). Insurance policies are to be broadly interpreted, doubts regarding coverage should be resolved in favor of

---

[9] I do not address Alvarado's arguments about Nevada Revised Statutes (NRS) § 686C.215(3)(c), as application of that statute is not relevant to my resolution of Acuity's motion.

the policyholder, and policies should be construed to achieve the policyholder's reasonable expectations. *Nautilus Ins. Co. v. Access Med., LLC*, 482 P.3d 683, 688 (Nev. 2021) (citing *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1158 (Nev. 2004); *Powell v. Liberty Mut. Fire Ins. Co.*, 252 P.3d 668, 672 (Nev. 2011)). When it comes to offset provisions, "[i]t is well settled in this state that offset provisions in a policy which reduce the insurance benefits by the amount the insured receives from other sources are valid." *Phelps v. State Farm Mut. Auto. Ins. Co.*, 917 P.2d 944, 948 (Nev. 1996) (citing *Truck Ins. Exch. v. SIIS*, 823 P.2d 279, 281 (Nev. 1991)). The *Phelps* court held that "[t]he goal of [UIM] coverage is to make the claimant whole. The offset clause prevents a double recovery by the claimant." *Id.* That court also held "that *Truck Ins. Exchange* [was] directly on point" regarding an insurance company's ability to reduce the amount it owed to an insured by the amount that the insured collected from other sources, if other conditions were satisfied." *Id.*

The "Coverage" and "Limit of Insurance" provisions of the UIM Policy are at issue here, so I include their full text in my discussion. The coverage section reads as follows:

> **A. Coverage**
> 1. We will pay all sums the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle.
> 2. With respect to a vehicle as defined in paragraph a or b of the definition of uninsured motor vehicle, we will pay damages only in excess of the amount available to an insured under any bodily injury liability bonds or policies applicable to the uninsured motor vehicle.

ECF No. 29-2 at 3. The Limit-of-Insurance section reads as follows:

> **D. Limit of Insurance**
>
> 1. REGARDLESS OF THE NUMBER OF COVERED AUTOS, INSUREDS, PREMIUMS PAID, CLAIMS MADE OR VEHICLES INVOLVED IN THE ACCIDENT, THE MOST WE WILL PAY FOR ALL DAMAGES RESULTING FROM ANY ONE ACCIDENT IS THE LIMIT OF INSURANCE FOR UNINSURED MOTORISTS COVERAGE SHOWN IN THE DECLARATIONS.

2.      No one will be entitled to receive duplicate payments for the same elements of loss under this Coverage Form and any Liability Coverage form or Medical Payments Coverage endorsement attached to this Coverage Part.

We will not make a duplicate payment under this coverage for any element of loss for which payment has been made by or for anyone who is legally responsible.

ECF No. 29-2.

Scrutinizing the specific language of the insurance policy is appropriate in this case, as "[c]lauses providing coverage are broadly interpreted 'so as to afford the greatest possible coverage to the insured[.]'" *Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014) (quoting *Nat'l Union Fire Ins. Co. of the State of Pa., Inc., v. Reno's Exec. Air, Inc.*, 682 P.2d 1380, 1383 (Nev. 1984)). Alvarado takes issue with the reading of the Coverage provision together with the Limit-of-Insurance provision, arguing that the Policy's coverage is limited to "'ownership, maintenance or use of the uninsured motor vehicle' and so any payment from R&R Express would not be 'duplicate'" because R&R Express does not fall within the "ownership, maintenance or use of the uninsured motor vehicle" provision in Acuity's scope of coverage. ECF No. 39 at 17–18. He alleges that the "legally responsible" limitation of the Policy is ambiguous. *Id.* at 18.

The Coverage provision is not ambiguous. Based on Alvarado's own argument—that is, that R&R Express neither owned nor maintained, nor was it responsible for, the use of the uninsured motor vehicle—the UIM would not apply in the first place because "ownership" or "maintenance" or "use" is a requirement for application of that section of the Policy. The Limits-of-Insurance provision is likewise unambiguous. It clearly states that Acuity will not make "duplicate payment under this coverage for any element of loss for which payment has been made by or for anyone who is legally responsible." ECF No. at 29-2 at 28.

Alvarado correctly cites the holding in *Phelps* that requires an insurer "to specifically delineate in the policy which funds it can offset." *Phelps*, 917 P.2d at 949. He argues that was not done here. But the Policy delineates that it will not make duplicate payment of payments made

by "anyone who is legally responsible." In settling with Alvarado in the Removal Action, R&R
Express (and the other tortfeasors) became legally responsible for payments under the
settlement agreements because of the car accident. Permitting Alvarado to recover under the
Acuity UIM policy would be contrary to Nevada's two-pronged goal of making an insured
whole while also preventing double recovery. *Id.* at 948. Accordingly, I grant Acuity's motion for
partial summary judgment and find that it is entitled to offset the amounts paid by or on behalf
of the tortfeasors to Alvarado on a per-element-of-loss basis.

> b.      *Alvarado's motion for partial summary judgment* [ECF No. 40] *is denied.*

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an
advantage by asserting one position, and then later seeking an advantage by taking a clearly
inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The
Ninth Circuit "invokes judicial estoppel not only to prevent a party from gaining an advantage
by taking inconsistent positions, but also because of general considerations of the orderly
administration of justice and regard for the dignity of judicial proceedings, and to protect
against a litigant playing fast and loose with the courts." *Id.* (cleaned up). The doctrine is
designed to preserve the integrity of the courts and falls within the trial court's discretion. *New
Hampshire v. Maine*, 532 U.S. 742, 750 (2001); *see also In re Soames Lane Trust*, 2016 WL 4198426, at *5
(B.A.P. 9th Cir. Aug. 8, 2016).

Courts consider three factors in deciding whether to apply judicial estoppel. *Baughman v.
Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012), quoting *New Hampshire*, 532 U.S. at 750–
51 (quotation marks omitted). Those factors are: (1) whether the party's later position is clearly
inconsistent with its earlier position; (2) whether the party succeeded in persuading a court to
accept its earlier position, creating a perception that the first or second court was misled; and
(3) whether the party seeking to assert an inconsistent position would "derive an unfair
advantage or impose an unfair detriment on the opposing party." *Hamilton*, 270 F.3d at 782–83.

The Court's determination to invoke the doctrine is "driven by the specific facts of the case." *Johnson v. State of Oregon*, 141 F.3d 1361, 1368 (9th Cir. 1998).

Alvarado argues that Acuity should be judicially estopped in this case from raising the affirmative defenses that it allegedly abandoned and withdrew in the Removal Action. ECF No. 40 at 3. Alvarado's position is that Acuity did not merely intervene in the Removal Action, but rather actively litigated the case. *See generally id.* Alvarado contends that Acuity "repeatedly stated that . . . it had intervened in the action only to assert its defenses and protect its interests, including reservation of rights and coverage issues." *Id.* at 7. In Nevada, a party has a right to intervene "where the party shows that (1) it has a sufficient interest in the subject matter of the litigation, (2) its ability to protect its interest would be impaired if it does not intervene, (3) its interest is not adequately represented, and (4) its application is timely." Nev. R. Civ. P. 24(a)(2); *see also Am. Home Assurance Co. v. Eighth Jud. Dist. Ct.*, 122 Nev. 1229, 1238 (2006). Moreover, in Nevada, not intervening carries significant risks; an insurance company "is bound by the result of an action between its insured and an uninsured motorist when the carrier has notice of the action but elects not to intervene." *State Farm Mut. Auto. Ins. v. Wharton*, 495 P.2d 359, 362 n.7 (Nev. 1972) (citing *State Farm Mut. Auto. v. Christensen*, 494 P.2d 552 (Nev. 1972); *Allstate Ins. Co. v. Pietrosh*, 454 P.2d 106, 111 (Nev. 1969) ("[W]here the [insurance] company is given notice of the action, has the opportunity to intervene, and judgment is thereafter obtained . . . we hold that the company should be bound[.]"); *Nalder v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark*, 462 P.3d 677, 684 (Nev. 2020) (same).

The record in the Removal Action demonstrates that Acuity intervened for the reasons proffered by its counsel during the course of that litigation. In an incongruent argument, and without supporting evidence,[10] Alvarado contends that Acuity "abandon[ed] those defenses, in

---

[10] The party moving for summary judgment bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). At the summary-judgment stage, a trial court can consider only evidence that could be presented in an admissible form at trial. *Romero v. Nev. Dep't of Corr.*, 673 F. App'x 641, 644 (9th Cir. 2016) (discussing Rule 56's 2010 amendment, which "eliminate[d] the unequivocal requirement that evidence submitted at summary judgment must be authenticated"). Acuity correctly

open court, for the express purpose of preventing [Alvarado] from taking a Rule 30(b)(6) deposition of its designee(s) on precisely those same defenses it had asserted in its Answer in Intervention." ECF No. 40 at 7. At the time Acuity moved to withdraw as intervenor and stated it was abandoning its affirmative defenses, Alvarado had already settled with all defendants. Acuity no longer had an interest in the concluded litigation,[11] its ability to protect its interest would no longer be impaired without intervention, nor was there an interest that needed adequate representation. The level of Acuity's participation in the litigation does not change this, and Alvarado fails to cite authority demonstrating that it should. *See Hill v. Walmart Inc.*, 32 F.4th 811, 818 (9th Cir. 2022) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment." (citation omitted)). Acuity's reliance on the same affirmative defenses in this action is not inconsistent with its position in the Removal Action, making the doctrine of judicial estoppel inapplicable. Nor did Acuity's motion to withdraw as intervenor in the Removal Action constitute waiver, and Alvarado again fails to cite any authority demonstrating that it does. *See supra, Hill*, 32 F.4th at 818. Consequently, Alvarado's motion for partial summary judgment is denied.

### III.   The appeals[12]

Magistrate judges may "hear and determine any pretrial matter pending before the court," with some exceptions, and "[a] judge of the court may reconsider any pretrial

---

notes that Alvarado fails to provide a declaration in support of or move for judicial notice of the documents that he supplied in support of his summary-judgment motion. ECF No. 46 at 3–4. Nor does he argue that the documents could be presented in an admissible form at trial. The only exceptions are the transcripts and interrogatories, of which I can and do take judicial notice. *See* ECF No. 29-3 (Alvarado's supplemental response to first set of interrogatories); ECF No. 39-3 (Alvarado 9/11/2020 deposition transcript); ECF No. 39-6 (transcript of 9/9/2021 hearing); ECF No. 29-12 (transcript of 6/22/2021 hearing); ECF Nos. 39-13, 39-14 (responses to interrogatories). I do not consider any unauthenticated exhibits in resolving this motion.

[11] When granting Acuity's motion to withdraw, District Judge Jennifer Dorsey stated "I am going to grant the motion to withdraw at Number 73. The purpose for which intervention was done has been eliminated by the settlement with the defendants. There are no claims by or against Acuity in this case. The deadline to amend pleadings or assert new claims in this case has expired." ECF No. 40-1 at 2.

[12] The parties incorrectly refer to these as "objections," rather than "appeals." All three of the magistrate judge's at-issue rulings are orders on pretrial motions, not recommendations, and thus must be appealed, not objected to. *See* ECF Nos. 19, 61, 99. This distinction matters because magistrate judges' orders are

matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1014 (9th Cir. 1997). "And '[a]n order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig*, 940 F.3d at 219 (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). Under this district's local rules, a party may appeal a magistrate judge's ruling on a pretrial matter by filing written objections, and the opposing party may respond. LR IB 3-1(a); Fed. R. Civ. P. 72(a). And "[t]he district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order." LR IB 3-1(b).

        a.     *Acuity's appeal* [ECF No. 25] *of the magistrate judge's order denying its motion to compel is denied.*

        Acuity appeals Magistrate Judge Koppe's order denying its motion to compel amended discovery responses. Acuity argues that the parties fully complied with this district's meet-and-confer requirements and that the magistrate judge either overlooked or ignored the information that the parties provided demonstrating their efforts to resolve the issue before seeking court intervention. *See generally* ECF No. 25. In response to the appeal, Alvarado argues that most of the information Acuity sought by way of the motion to compel has already been provided, rendering the motion moot, and he further details the parties' efforts to resolve the discovery disputes. *See generally* ECF No. 28. While seemingly moot, I nonetheless find that the appeal does not demonstrate how the magistrate judge's order was clearly erroneous or contrary to the law. Rather, the declaration attached to Acuity's motion to compel demonstrates that the parties attempted to resolve the discovery disputes—while in earnest—over the course of only one day.

---

subject to a lower standard of review (clearly erroneous standard) than reports and recommendations (de novo review). *Compare* LR IB 3-1(a) *with* LR IB 3-2(b). I thus refer to them as "appeals" throughout and apply the clearly erroneous standard of review.

While the conversations over that one day were substantive in nature, that does not render clearly erroneous or contrary to the law the order directing the parties to engage in additional meet and confer efforts. As evidenced by the resolution of at least some of the disputes, additional efforts proved productive. Accordingly, Acuity's appeal (ECF No. 25) is denied, and the order denying the motion to compel (ECF No. 19) is adopted and affirmed in its entirety.

> b.  *Alvarado's appeal* [ECF No. 64] *of the order granting Acuity's motion to compel certain interrogatories is denied.*

Alvarado appeals the magistrate judge's order granting Acuity's motion to compel amended interrogatory responses. *See generally* ECF Nos. 61, 64. Alvarado argues that the order violates due process and that the requirements as discussed in the order are not proportional to the needs of this case. ECF No. 64. To support his appeal, Alvarado argues that Acuity is wrongly trying to impute his counsel's prior work with doctors onto his client. *Id.* at 12–14. Acuity responds to the appeal, arguing that Alvarado fails to establish that the order was clearly erroneous or contrary to the law, that the filing merely and erroneously restates the due-process arguments initially made in opposition to the motion, and that the eight-year timeframe for disclosing the compelled information is reasonable under the facts and circumstances of this case. *See generally* ECF No. 67.

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence" and need not be admissible at trial to be discoverable. *Id.* District courts have broad discretion to determine relevancy for discovery purpose. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The rules also provide that a party responding to document requests must do so based upon all items in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Documents are deemed to be within the possession, custody[,] or control of a party

and subject to a request for production if the party has actual possession, custody[,] or control or has the legal right to obtain the documents on demand." *Ivy Hotel San Diego, LLC v. Houston Cas. Co.*, 2011 WL 4914941, at *9 (S.D. Cal. Oct. 17, 2011) (citing *Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Col. 2007)). Thus, "Rule 34(a) enables a party seeking discovery to require production of documents beyond the actual possession of the opposing party if such party has retained any right or ability to influence the person in whose possession the documents lie." *Id.* Documents in the possession of a party's current or former counsel are deemed to be within that party's "possession, custody[,] or control" for purposes of discovery under Rule 34. *See Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, at *7 (S.D. Cal. July 3, 2014) (citation omitted). Further, the Ninth Circuit has long held that a lawyer is a client's agent and, consistent with agency law, clients "are considered to have notice of all facts known to their lawyer-agent." *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141–42 (9th Cir. 1989).

Despite this well-established law, Alvarado refused to answer the interrogatories regarding Alvarado's counsel's relationships to various treating physicians, maintaining that the information is irrelevant, not proportional, and a violation of due process.[13] He argues that it would be error to allow the magistrate judge's order to stand. I disagree. Alvarado's counsel is best situated to provide the requested information regarding the doctors. Alvarado's argument that the order somehow pits counsel against client is unfounded and runs counter to the Ninth Circuit's long-established holding that clients are on notice of all facts known to their attorney. *Id.* Further, bias is almost always relevant. *See United States v. Abel*, 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."). Last, Alvarado's claim that the eight-year disclosure timeframe is disproportionate to the case is equally unconvincing. Applying Rule 26(b)(1) and accounting for the age of the facts giving rise to this action, together with the allegations set forth in the

---

[13] In reviewing Alvarado's filings, it remains unclear how his due-process rights would allegedly be violated by the magistrate judge's order.

complaint, I conclude that the eight-year timeframe is proportional. Consequently, Alvarado's appeal is denied, and the magistrate judge's order (ECF No. 61) is adopted and affirmed in full.

      *c.*       *Alvarado's appeal* [ECF No. 102] *of to the magistrate judge's order granting Acuity's motion for a protective order is denied.*

As a threshold matter, I first address Alvarado's irrelevant—and, at best, suggestive—arguments that Judge Koppe is somehow treating one party more favorably than the other. Such accusations do not assist me in resolving these appeals, and appeals are not the appropriate mechanism through which to raise such concerns. Suggestive arguments of alleged bias do not establish that the magistrate's order was either clearly erroneous or contrary to the law.

Further, it seems that Alvarado's counsel has lost focus on what this case is about, arguing that the magistrate judge "minimiz[ed]" Alvarado's claim by classifying this as "nothing more than 'an insurance dispute.'" ECF No. 102 at 6 (quoting ECF No. 99 at 6). But as evidenced by Alvarado's own complaint, this is, in fact, an insurance dispute. ECF No. 1-2. Indeed, his own appeal admits the same. ECF No. 102 at 4 ("this is a first party insurance bad faith case"); *id.* at 7 ("this is an insurance bad faith case"). Alvarado seeks relief by arguing that "Acuity entirely failed to provide any support in its motion for a protective order that the burden on it was unreasonable" and further that it is without merit that "a FRCP 30(b)(6) witness could not be adequately prepared for the topics noticed by [him] based on simply the number of topics." *Id.* at 8.

It is well established that a party seeking a protective order—either resisting discovery or seeking to limit it—must show good cause for its issuance. *See* Fed. R. Civ. P. 26(c). Specifically, the moving party must make a clear showing of a particular and specific need for the order. *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 554 (C.D. Cal. 2007) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Here, Acuity sought a protective order seeking to protect attorney-client privileged communications and work product, as well as to limit as overbroad Alvarado's requests for information. *See generally* ECF No. 91. The motion

provided specific reasons that the protective order was needed for the following requests from Alvarado:

> (1) inquiries about Acuity's litigation strategy and attorney-client privileged communications;
> (2) inquiries about unrelated lawsuits and claims handled by Acuity;
> (3) that Acuity's 30(b)(6) witness be prepared to answer questions about every aspect of the insurance company's policies and procedures; and
> (4) that Acuity appear for the deposition with "[e]very document that you reviewed, examined, read, considered, reviewed, or perused to provide testimony on any and all topics set forth above, which you must bring with you to the deposition for review and presentation, including any markings, notations, highlighting, tags, that you or anyone added to those documents.

ECF No. 91 at 2–3.

The magistrate judge granted the protective order, noting that this is not a complex case[14] and that Alvarado's deposition notice was excessive and improper in light of the needs of this case. *See generally* ECF No. 99 at 6–8. Consequently, the second-amended deposition at issue here was rejected, but without prejudice to allow Alvarado to amend his requests accordingly. Alvarado argues that the magistrate judge erred in her findings because Acuity did demonstrate undue burden and shifted that burden to plaintiff. *See generally* ECF No. 102. He further contends that Acuity failed to provide any support in its motion for the protective order. *Id.* at 7. I disagree. Acuity set forth its specific objections to specific topics in the second-amended notice.[15] Alvarado's appeal asserts argument only and seemingly does not fully appreciate the scope of the order. For example, Alvarado argues that the "[m]agistrate [j]udge rejected the notice

---

[14] In his appeal, Alvarado takes issue with Judge Koppe's determination that this is not a complex case. *See* ECF No. 102 at 3; 9. There is a difference between an inherently complex case and complex issues that arise during the course of litigation. There is little information before me showing that this amounts to a complex case. At this point in the litigation, Alvarado should be able to provide evidence to the contrary. Like most cases, this one does present some complex issues, which the court will resolve accordingly.

[15] *See* ECF No. 91 at 12–13 (discussing why requests are overbroad, unrelated, and/or an undue burden); *id.* at 16–17 (discussing why scope of questioning for 30(b)(6) witness is unnecessary and/or duplicative); *id.* at 18–19 (objecting to notice of topics that are protected by attorney-client privilege); *id.* at 20 ("many of the topics Mr. Alvarado seeks to depose Acuity's designated FRCP 30(b)(6) witness on are vastly overbroad and seek information that is irrelevant to this case. For example, information related to other, separate claims and other, separate lawsuits involving unrelated insureds and different and unrelated policies"); *id.* at 21 (discovering duly burdensome and proper scope of the requests).

1    wholesale." *Id.* at 8. As previously noted, the notice was rejected without prejudice to allow for
2    amendment and to narrow the subjects that would be covered during the seven-hour deposition.
3            I find that the magistrate judge's reasoning and conclusions are sound. As set forth in its
4    motion and as found by Judge Koppe, Alvarado's second-amended deposition notice is overly
5    broad and, as a result, causes an undue burden on Acuity. As the parties are well aware, "[t]o
6    establish a . . . bad-faith refusal to pay an insurance claim, [a] plaintiff must establish that the
7    insurer had no reasonable basis for disputing coverage, and that the insurer knew or recklessly
8    disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United*
9    *Serv. Auto. Ass'n*, 962 P.2d 596, 604 (1998); *see also Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729
10   P.2d 1352, 1354 (1986) ("Bad faith involves an actual or implied awareness of the absence of a
11   reasonable basis for denying benefits of the policy."). Alvarado should focus his discovery
12   requests to establish the alleged bad-faith claim, instead of, as he has done here, concluding that
13   that Acuity is liable for bad faith and fashioning overbroad discovery requests to prove that
14   conclusion. I recognize the significance of the alleged facts giving rise to the instant bad-faith
15   claim. But counsel for Alvarado is nonetheless reminded that any information sought must also
16   be "proportional to the needs of the case" to fall within the scope of permissible discovery. Fed.
17   R. Civ. P. 26(b)(1). Accordingly, Alvarado's appeal is overruled, and he is directed to comply
18   with the order set forth at ECF No. 99.
19
20
21
22
23
24
25
26

IV.     Conclusion

        IT IS THEREFORE ORDERED that Acuity's motion for partial summary judgment
[ECF No. 29] is GRANTED.

        IT IS FURTHER ORDERED that Alvarado's motion for partial summary judgment [ECF
No. 40] is DENIED.

        IT IS FURTHER ORDERED that Alvarado's appeals of the magistrate judge's orders
[ECF No. 64 and 102] are DENIED. The orders [ECF Nos. 61, 99] are affirmed and adopted in
full.

        IT IS FURTHER ORDERED that Acuity's appeal of the magistrate judge's order [ECF
No. 25] is DENIED. The order [ECF No. 19] is affirmed and adopted in full.

        DATED: August 4, 2023

                                                    _____
                                                    Cristina D. Silva
                                                    United States District Judge